## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE WASHINGTON, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.: |
| CAPITAL ONE BANK, N.A., a foreign | ) | JURY TRIAL DEMANDED |
| company, and TRANS UNION, LLC, a foreign | ) | |
| limited liability company, | ) | |
| | ) | |
| *Defendants.* | ) | |

## <u>COMPLAINT</u>

COMES NOW Plaintiff, by and through the undersigned attorney, and would show unto this Court as follows:

### <u>PRELIMINARY STATEMENT</u>

1.    This petition is an action for statutory and actual damages, including injunctive and declaratory relief, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (hereinafter referred to as "FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "FCRA").

2.    In addition, this petition seeks actual, compensatory, statutory, and/or punitive damages under Alabama state law and the Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-1, *et seq.* (hereinafter referred to as "ADTPA"), pursuant to this Court's

pendent and supplemental jurisdiction.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15

U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant

to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and

2202.  Defendants' violations of Plaintiff's rights, as alleged herein, occurred in Jefferson

County, Alabama, and were committed within the Southern Division of the Northern

District of Alabama.

## PARTIES

4.      Plaintiff GEORGE WASHINGTON (hereinafter referred to as "WASHINGTON" or

"Plaintiff") is a natural person and a resident and citizen of Jefferson County, the State of

Alabama, and of the United States.  Plaintiff is a "consumer" as that term is defined by 15

U.S.C. § 1692a(3) and Ala. Code 1975 § 8-19-3(2).

5.      Defendant CAPITAL ONE BANK, N.A. (hereinafter referred to as "CAPITAL ONE" or

"Defendant") is a foreign corporation engaged in the business of furnishing consumers

with credit in the State of Alabama.

6.      Defendant TRANS UNION, LLC (hereinafter referred to as "TRANS UNION" or

"Defendant") is a foreign limited liability company licensed to do business within the

State of Alabama.  TRANS UNION is a consumer reporting agency, as defined in section

1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and

dispersing information concerning consumers for the purpose of furnishing consumer

reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

7.      Plaintiff restates and reiterates herein all previous paragraphs.

8.      Plaintiff filed bankruptcy and was discharged on October 3, 2007 with all Defendants

receiving a copy of the discharge order.  The case number is 05-04816 and it was filed in

the Northern District of the Alabama Bankruptcy Court.

9.      Despite its receipt of the aforementioned court order, Defendant CAPITAL ONE

continues to report Plaintiff's account to one or more of the three national consumer

reporting agencies (hereinafter referred to as "CRAs") as having a current balance due

and payable rather than reflecting that such was discharged in bankruptcy.  More

specifically, Defendant CAPITAL ONE shows balances of $214.00 AND $663.00 on

TRANS UNION.

10.     Defendant CAPITAL ONE has intentionally and maliciously failed and/or refused to

either accurately report the account as having been discharged in bankruptcy or notify the

CRAs that such account has a zero balance as a result of being discharged in bankruptcy.

11.     Plaintiff's credit reports, credit worthiness, and credit scores have been negatively

impacted by the inaccurate reporting of Defendant CAPITAL ONE.

12.     Defendant CAPITAL ONE has proximately caused Plaintiff past and future monetary

loss, past and future damage to Plaintiff's credit and credit worthiness, past and future

mental distress and emotional anguish, and other damages that will be presented to the

jury.

13.     Defendant CAPITAL ONE knew and knows that a discharge order means Plaintiff no

longer owes the debts and has no personal liability to Defendant.  However, Defendant

CAPITAL ONE has made a corporate decision to willfully and maliciously act contrary to its knowledge in a calculated decision to violate the requirements to properly update Plaintiff's account.

14. Defendant CAPITAL ONE has a policy and procedure to refuse to properly update credit reports of consumers, such as Plaintiff, who have discharged their debts. The reason is to keep false information on their credit reports. The false information consists of a balance shown as owed absent any reference to the debt being discharged in Bankruptcy.

15. Defendant CAPITAL ONE updates numerous accounts each month with allegedly the correct information regarding the balances but has willfully and maliciously refused to do so with Plaintiff and other consumers who are similarly situated.

16. Defendant CAPITAL ONE has willfully and maliciously failed to report Plaintiff's account as having "0" balance as required by 16 CFR § 607(6) which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

17. Defendant CAPITAL ONE has promised, through its subscriber agreements or contracts with the CRAs, to update accounts that have been discharged in bankruptcy but it has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiff's credit reports.

18. Defendant CAPITAL ONE has a policy to "park" its accounts on at least one of the

Plaintiff's credit reports.  This industry-specific term refers to keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

19.    In the context of parking an account, Defendant CAPITAL ONE has an obligation and duty under federal and state law to accurately report the balance and it willfully and maliciously refuses to do so.

20.    Defendant CAPITAL ONE has agreed to and understands it must follow the requirements of the FCRA including:

a)    15 U.S.C. § 1681(a)(1)(a) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

b)    15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

(i)    the person has been notified by the consumer[1], at the address specified by the person for such notices, that specific information is inaccurate; and

(ii)    the information is, in fact, inaccurate."

c)    15 U.S.C. § 1681(a)(2) which states, "[a] person who -

(A)    regularly and in the ordinary course of business furnishes information to

---

[1]  The notice here comes from the federal bankruptcy court relating directly to the consumer.

one or more consumer reporting agencies about the person's transactions
or experiences with any consumer; and

(B)   has furnished to a consumer reporting agency information that the person
determines is not complete or accurate, shall promptly notify the consumer
reporting agency of that determination and provide to the agency any
corrections to that information, or any additional information, that is
necessary to make the information provided by the person to the agency
complete and accurate, and shall not thereafter furnish to the agency any of
the information that remains not complete or accurate."

21.    Defendant CAPITAL ONE knows that parking a balance will lead to the publication of
false and defamatory information every time Plaintiff's credit reports are accessed.
However, Defendant intentionally and maliciously intends to force Plaintiff, and others
similarly situated, to pay on an account that has been discharged.

22.    Plaintiff's credit reports have been accessed since the discharge and therefore the false
information of Defendant CAPITAL ONE has been published to third parties.

23.    When the consumer pays the "parked" account, Defendant CAPITAL ONE claims that
such payment was merely "voluntarily" or to pay off a "moral obligation."  Defendant
knows and intends that, by willfully and maliciously parking the account on the credit
report, an illegal payment can be extorted from the consumer.

24.    Despite receiving disputes regarding its false reporting, Defendant CAPITAL ONE has
intentionally and knowingly maintained its policy of keeping false and damaging
information on at least one of Plaintiff's credit reports.

25.    Defendant CAPITAL ONE has a practice of maliciously, willfully, recklessly, wantonly, and/or negligently violating, ignoring, and refusing to follow the requirements of the FCRA, FDCPA, ADTPA, federal law and state law.

26.    All actions taken by employees, agents, servants, or representatives of any type for Defendant CAPITAL ONE were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

27.    The actions of Defendant CAPITAL ONE were malicious, wanton, reckless, intentional or willful, and performed with either the desire to harm Plaintiff, and/or with the knowledge that its actions would very likely harm Plaintiff, and/or that its actions were taken in violation of the law.

28.    Defendant CAPITAL ONE has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports which subjects it to punitive and statutory damages, and all other appropriate measures to punish and deter similar future conduct.

29.    The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA, federal law, and state law of Defendant CAPITAL ONE, regarding Plaintiff's alleged debts, as described herein, constitute harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer the same.

30.    Defendant TRANS UNION has failed and/or refused to verify the accuracy of the information it has published and continues to publish in Plaintiff's credit reports.

31.     The intentional, reckless, and willful violations of the FCRA, federal law and state law of

        Defendant TRANS UNION has resulted in the negligent and intentional infliction of

        mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe

        mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff

        will in the future continue to suffer the same.

**COUNT ONE**
**DEFENDANT CAPITAL ONE**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692,** *et seq.*

32.     Plaintiff restates and reiterates herein all previous paragraphs.

33.     Defendant attempted to collect a consumer debt allegedly owed by Plaintiff and the

        obligation required Plaintiff to pay money arising out of transactions for personal, family,

        and household purposes.  More specifically, the following actions of Defendant violated

        the FDCPA:

        a)      Falsely attempting to collect a debt, by reporting a balance, when there is no legal

                right to collect the discharged debt;

        b)      Taking illegal actions against Plaintiff;

        c)      Refusing to properly update the accounts;

        d)      Failing to show the accounts as being "disputed" by Plaintiff; and

        e)      Reporting the invalid debt on Plaintiff's credit reports.

34.     The foregoing acts and omissions were undertaken by Defendant willfully, intentionally,

        and knowingly as part of its routine debt collection business and/or in gross reckless

        disregard of the rights of Plaintiff.

35.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692, *et seq.*

36.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that its conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees under 15 U.S.C. 1692k, civil liability [Section 813 of Pub. Law].

**COUNT TWO**
**DEFENDANTS CAPITAL ONE AND TRANS UNION**
**VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT**
**ALA. CODE 1975 § 8-19-3, *et seq.***

37.     Plaintiff restates and reiterates herein all previous paragraphs.

38.     The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

39.     Said conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is prohibited, unfair, and deceptive.

40.     The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited.

41.     The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

42.    Defendants' unfair and deceptive acts have proximately caused emotional and actual

damages and Defendants are liable to Plaintiff for such injury.

**COUNT THREE**
**DEFENDANTS CAPITAL ONE AND TRANS UNION**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681, _et seq._**

43.    Plaintiff restates and reiterates herein all previous paragraphs.

44.    In the entire course of their actions, Defendants willfully and/or negligently violated the

provisions of the FCRA in the following respects:

a)    By willfully and/or negligently failing, in the preparation of the consumer reports

concerning Plaintiff, to follow reasonable procedures to assure maximum possible

accuracy of the information in the reports;

b)    By willfully and/or negligently failing to comport with FCRA section 1681i;

c)    Defaming Plaintiff by publishing to third parties false information regarding

Plaintiff's creditworthiness;

d)    Invading the privacy of Plaintiff; and

e)    Failing in their duty to prevent foreseeable injury to Plaintiff.

45.    The foregoing acts and omissions were undertaken by Defendants willfully, intentionally,

and knowingly as part of their routine credit reporting business and/or in gross reckless

disregard of the rights of Plaintiff.

46.    The foregoing acts and omissions of Defendants constitute numerous and multiple

violations of the FCRA, 15 U.S.C. § 1681, _et seq._

47.    As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for a

declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiff's actual

damages, statutory damages, and costs and attorney's fees under the FCRA.

**COUNT FOUR**
**DEFENDANT CAPITAL ONE**
**NEGLIGENT, RECKLESS AND WANTON CONDUCT**

48.   Plaintiff restates and reiterates herein all previous paragraphs.

49.   Defendant's acts, as described herein, were done so negligently and without care or

concern for the well-being of Plaintiff.

50.   As a proximate consequence of Defendant's negligence, Plaintiff has been caused to

suffer severe emotional and mental distress.

51.   As a result of the Defendant's unlawful acts, Defendant is liable to Plaintiff for actual,

compensatory, and punitive damages, and costs and attorney's fees.

**COUNT FIVE**
**DEFENDANT CAPITAL ONE**
**HARASSMENT**

52.   Plaintiff restates and reiterates herein all previous paragraphs.

53.   Defendant's acts, as described herein, were done so intentionally, maliciously, and

willfully, and without care or concern for Plaintiff's well being.  Defendant's harassing

collection tactics created a hostile environment for Plaintiff.

54.   Defendant wrongfully exploited Plaintiff in an attempt to coerce Plaintiff into paying the

alleged debts.

55.   Defendant's communications to Plaintiff were offensive and harassing.

56.   As a proximate consequence of Defendant's harassment, Plaintiff has been embarrassed,

offended, humiliated, emotionally distressed, and forced to hire the services of an

attorney.

### COUNT SIX
### DEFENDANTS CAPITAL ONE AND TRANS UNION
### INVASION OF PRIVACY

57.    Plaintiff restates and reiterates herein all previous paragraphs.

58.    Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

59.    As a direct and proximate consequence of Defendants' acts of invading Plaintiff's privacy, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

### COUNT SEVEN
### DEFENDANTS CAPITAL ONE AND TRANS UNION
### DEFAMATION

60.    Plaintiff restates and reiterates herein all previous paragraphs.

61.    Defendants published false information about Plaintiff by reporting to one or more of the CRAs either a false account or balance.

62.    Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by Defendants.

63.    Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

64.    As a direct and proximate consequence of Defendants' acts of defamation, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation,

and mental and emotional distress.

## COUNT EIGHT
## DEFENDANT CAPITAL ONE
## MISREPRESENTATION

65.   Plaintiff restates and reiterates herein all previous paragraphs.

66.   Defendant intentionally, maliciously, recklessly and/or negligently misrepresented

material facts in that it falsely represented that Plaintiff owes money to that Defendant.

67.   Defendant intends that those who review the credit reports of Plaintiff will rely upon the

misrepresentations and suppressions of material facts related to the balance owed and the

lack of indication that the account was discharged in bankruptcy.

68.   Defendant has intended that the justifiable and reasonable reliance by others would

adversely affect Plaintiff.

69.   As a direct and proximate consequence of Defendant's acts of misrepresentation, Plaintiff

has been injured in that Plaintiff has been caused to suffer severe embarrassment,

humiliation, and mental and emotional distress.

## DECLARATORY AND INJUNCTIVE RELIEF

70.   Plaintiff restates and reiterates herein all previous paragraphs.

71.   A dispute exists as to whether Defendants have violated the FDCPA, FCRA, Alabama

Deceptive Trade Practices Act, federal law and state law.

72.   Plaintiff is entitled to injunctive relief, a declaratory judgment and a determination that

Defendants violated the FDCPA, FCRA, Alabama Deceptive Trade Practices Act, federal

law, and state law, and Plaintiff is similarly entitled to an order enjoining said acts.

73.     As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to actual, compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

74.     Defendants' actions, omissions, and violations as alleged herein constitute the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a)      Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b)      Award Plaintiff actual damages;

c)      Award Plaintiff punitive damages;

d)      Award Plaintiff state and federal statutory damages;

e)      Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial;

f)      Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g)      Grant such other and further relief as this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED this ____ day of January, 2008.


_____
K. ANDERSON NELMS (NEL022)
2005 Cobbs Ford Road, Suite 301A
Prattville, AL 36066
Phone: (334) 351-1770
Fax: (334) 351-1774
andynelms@andersonnelms.com
ASB-6972-E63K
*Counsel for Plaintiff*


OF COUNSEL:

Anderson Nelms & Associates, LLC

2005 Cobbs Ford Road, Suite 301A

Prattville, Alabama 36066


**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

CAPITAL ONE BANK

6356 Corley Road

Norcross, Georgia 30091


TRANS UNION, LLC

c/o Prentice-Hall Corporation System, Inc.

150 S. Perry Street

Montgomery, Alabama 36104